PER CURIAM:
On the evening of July 3, 1990, the claimant, a resident of Ashland, Kentucky, was driving her dark blue Pontiac Sunbird on Interstate 64 west between Huntington and Ashland when she crossed a white paint spill extending across the center lane of the interstate nerar the Harvey Town Mile Marker. The claimant testified that she noticed a five-gallon paint bucket in the center lane which she was able to drive around. However, she was unable to avoid the paint and her vehicle was splattered when it passed over the paint. The claimant alleges that most of the resulting paint spray on her vehicle cannot be removed proerly without repainting the entire vehicel. She further allegest aht two tires are permanently stained by this paint. The claimant requests an award in the amount of $1,000.00 for the cost of repainting her car. No written estimate(s) were provided by the claimant to document the cost of repaintint the vehicle or removing the paint spray, the claimant testified she did not notify her automobile insurer of this incident.
The respondent contends that it did not have prior notice of the paint spill nor did it have knowledge of its origin. The respondent further contends that the paint bucket may have fallen from a passing vehicle not owned or operated by the respondent.
The issue before the Court is whether the respondent had prior notice and a reasonable amount of time to remove the road hazard before the claimant’s accident. The evidence indicates that the respondent did not have prior notice, and the claimant has failed to prove otherwise. The burden of proof is upon the claimant to demonstrate with a preponderance of the evidence that the responden had actual or cosntructive notice of the paint in the road. That burden has not been met. The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by this paint spill, it must have had acutal or constructive notie of the condition and a reasonable amount of time to take corrective action. Davis v. Dept. of Highways, 11 Ct.Cl. 150 (1977). It is the finding of this Court that the requisite notice was not available to the respondent.
In accordance with the findings of fact and conclusions of law as indicated hereinabove, the Court is of the opinion to and does deny this claim.
*124 Claim disallowed.